# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## YOUNGSTOWN DIVISION

### CASE NO.:  4:26-cv-00607

VOLTSTAR TECHNOLOGIES, INC.,

      Plaintiff,

v.

ALURATEK, INC.,

      Defendant.

---

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VOLTSTAR TECHNOLOGIES, INC. by and through its undersigned counsel, brings this Complaint against Defendant ALURATEK, INC. for patent infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1.     This is an action for patent infringement arising under the patent laws of the United States Title 35, United States Code §§ 271 *et seq.* to enjoin further infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and importation into the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under U.S. Patent No. 7,910,833, and U.S. Patent No. 7,960,648. Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendant's infringement.

## JURISDICTION AND VENUE

2.     This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

## SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

3.      This Court has personal jurisdiction over the Defendant.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

## THE PLAINTIFF

5.      Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

## THE DEFENDANT

6.      Defendant ALURATEK, INC. ("Aluratek") is a California corporation with a principal place of business located at 15241 Barranca Parkway, Irvine, CA 92618 and can be served by serving its registered agent, John P. Wolikow at the same address. Aluratek has a regular and established place of business in this District, with an office located at 4822 Market Street, Suite 250, Youngstown, OH 44512.

## THE PATENTS-IN-SUIT

### THE '833 PATENT

7.      Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger", issued March 22, 2011. A copy of the '833 Patent is attached hereto as **Exhibit 1**.

8.      Before May 27, 2008, Valerie L McGinley, Donald Rimdzius, and James McGinley invented a novel and non-obvious Energy Saving Power Adapter/Charger.

9.      The inventors assigned all rights, titles and interests in and to the '833 Patent to Horizon Technologies, Inc, which later became Voltstar Technologies, Inc.

10.     In general, non-legal terms, the '833 Patent relates to a charger that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom load"—residual power consumption by power devices when not connected to their host electronic device, or when the electronic device is shut off. This feature reduces power consumption and extends battery life.

## THE '648 PATENT

11.     Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies", issued June 14, 2011. A copy of the '648 Patent is attached hereto as **Exhibit 2**. The '648 Patent is a continuation of and claims priority to the '833 Patent mentioned above.

12.     Prior to October 15, 2008, James W. McGinley, Donald Rimdzius, Valerie McGinley, and Dominic James Hogan invented a novel and non-obvious Energy Saving Cable Assemblies.

13.     These inventors assigned all rights, titles and interests in and to the '648 Patent to Horizon Technologies, Inc, which later became Voltstar Technologies, Inc.

14.     In general, non-legal terms, the '648 Patent, as a continuation of the '833 Patent, also relates to a charger, used in conjunction with a mobile electronic device, that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom" load.  This feature reduces power consumption and extends battery life.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

## DEFENDANT'S PRODUCT

### Accused Product # 1 – Aluratek 3-in-1 Wireless Charging Stand

15.     Defendant makes, uses, offers for sale and sells the Aluratek 3-in-1 Wireless

Charging Stand (hereinafter, "Aluratek Wireless Charger"). An example of the Aluratek

Wireless Charger distributed by Defendant is shown below.



16.     Defendant advertises and sells its Aluratek Wireless Charger as a Qi-compliant

*wireless charger* that is to be connected between a source of AC power such as a wall outlet,

and a device such as a mobile phone that includes a rechargeable battery.

17.     Qi (pronounced "chee") is one of the global wireless charging standards for

providing 5-15 watts of power to small personal electronics. Though it is primarily used to

charge smartphones, the standard can also apply and easily be used to provide power for a

growing number of consumer devices.

18.     Qi is an open standard, and Qi-enabled mobile electronic devices are able to

connect to Qi-certified (or Qi-compliant) chargers from any manufacturer.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

19.     Devices that operate using the Qi standard rely on electromagnetic induction between coils. A Qi system consists of two devices – the transmitting device (the charger), which is connected to a power source and provides inductive power, and the mobile device (to be charged), which consumes inductive power. The transmitting device comprises a transmitting coil that generates an oscillating magnetic field; the mobile device contains a power receiving coil. The magnetic field induces an alternating current in the receiving coil of the mobile device, by Faraday's law of induction, thereby charging the battery of the mobile device.

20.     In order for a wireless charger to function optimally and efficiently, the wireless charging device must have internal monitoring circuitry to detect when a mobile electronic device requires charging or is fully charged. The internal circuitry further comprises one or more internal switches (mechanical or electrical) that control the flow of current based on the charge-status of the battery of the mobile electronic device. Furthermore, the internal circuitry of the wireless charger requires a novel load sensing portion, which senses the frequency of pulses rather than sensing the magnitude of a voltage and/or current, to determine the load being drawn, and to determine an "off" state for the device.

21.     In particular, the Aluratek Wireless Charger utilizes the internal monitoring and switch circuitry features, and all elements of the charging device, as claimed by one or more claims, including but not necessarily limited to, Claims 24 and 33 of the '833 Patent and Claims 31, 32 and 39 in the '648 Patent.

22.     Attached hereto as **Exhibit 3** is a Claim Chart that illustrates each element of the Aluratek Wireless Charger as compared to Claims 24, 33 and in the '833 Patent, and Claims 31, 32 and 39 in the '648 Patent.

23.     Defendant infringed at least one of the claims of the '833 and the '648 Patent by offering to sell and by selling a wireless charger identified as Aluratek Wireless Charger.

### COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833

24.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-23, as set forth above.

25.     Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,910,833 by making, using, selling, offering for sale in the United States, and/or importing into the United States Aluratek Wireless Charger, in violation of 35 U.S.C. § 271(a).

26.     Without limiting the foregoing, Defendant has infringed at least Claim 24, 33 and 36 of the '833 Patent as described in the Claim Chart attached hereto as **Exhibit 3.**

27.     Defendant's activities referred to in this Count have been without license, permission, or authorization from Voltstar.

28.     Defendant's infringement of the '833 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

### COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648

29.     Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-23, as set forth above.

30.     Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,960,648 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Aluratek Wireless Charger, in violation of 35 U.S.C. § 271(a).

31.     Without limiting the foregoing, Defendant has infringed at least Claim 31, 32 and 39 of the '648 Patent as described in the Claim Chart attached hereto as **Exhibit 3**.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

32.     Defendant's activities referred to in this Count have been without license, permission, or authorization from Voltstar.

33.     Defendant's infringement of the '648 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant ALURATEK, INC. and respectfully requests that the Court:

A.  An entry of judgment holding that Defendant has infringed and is infringing the patents-in-suit;

B.  For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C.  A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D.  A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E.  An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '833 Patent and '648 Patent; and

F.  That Voltstar is entitled to such other and further relief as to the Court deems just and proper.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.


DATED: March 13, 2026               Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Voltstar Technologies, Inc.*